IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HEMPEL COATINGS (USA), INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: _____ |
| | : | |
| **CORBAN CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

### PLAINTIFF'S COMPLAINT

Plaintiff, Hempel (USA), Inc. ("Hempel"), by and through its undersigned attorneys, files the following Complaint against Defendant, Corban Corporation ("Corban"), and avers as follows in support thereof:

### PARTIES

1.  Hempel is a Texas corporation with its principal place of business in Conroe, Texas.

2.  Corban is a Pennsylvania corporation with its principal place of business in Bath, Pennsylvania. Corban is not registered to do business in Texas, does not maintain a place of business in Texas, and has no designated agent for service of process in Texas. Corban engages in business in Texas and this action arises out of business transacted in Texas to which it was a party. Corban may be served with process pursuant to Pennsylvania Rule of Civil Procedure 424 and Federal Rule of Civil Procedure 4(h) by hand delivery of the Complaint and citation to Edward G. Gleason, the president of Corban Corporation. Edward G. Gleason may be served at Corban's business address, Corban Corporation, Route 246 South, Bath, PA 18014.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because Corban resides within this district.

## FACTS

5. Corban ordered paint products from Hempel, and Hempel delivered these products to Corban. Corban owes Hempel $125,469.91 on its open account for these products. The invoices underlying Corban's open account are attached as Exhibit A.

## COUNT I
**Common Law Sworn Account**

6. Hempel incorporates by reference paragraphs 1 through 5 as if fully set forth herein.

7. The paint product series of transactions between Hempel and Corban are transactions in which there were sales on one side and purchases on the other, whereby title to personal property passed from one to the other, and the relation of debtor and creditor was thereby created by the general course of dealing.

8. The charges on the account were made by Hempel in accordance with an agreement with Corban and are the usual, customary, and reasonable prices for these products.

9. Corban owes $125,469.91 on its account with Hempel. *See* account invoices attached as Exhibit A.

10. Corban has not paid the $125,469.91 it owes Hempel.

11. Because of Corban's failure to pay, Hempel has suffered damages of at least $125,469.91.

12. Hempel is entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

WHEREFORE, Hempel requests that this Honorable Court award the following:

a. Damages in excess of $125,469.91;

b. Pre- and post-judgment interest at the highest rate allowed by law;

c. Attorneys' fees;

d. Costs of court; and

e. Any other relief to which it may be entitled.

KLETT ROONEY LIEBER & SCHORLING

By_____
Joseph D. Mancano, Esquire
Joseph B. Silverstein, Esquire
Two Logan Square, 12th Floor
Philadelphia, PA  19103-2756
(215) 567-7500
(215) 567-2737 (Fax)
Attorneys for Plaintiff,
Hempel (USA), Inc.

Of Counsel:
Cynthia R. Levin Moulton
State Bar No. 12253450
Moulton & Meyer, L.L.P.
600 Travis Street, Suite 6700
Houston, TX   77002
Telephone: (713) 571-9191

-3-

-4-

Telecopier: (713) 571-9652

Dated: November 3, 2003

Case 2:03-cv-06062-JKG   Document 1   Filed 11/03/2003   Page 4 of 4